IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CORDELL D. SYKES | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:12-CV-00017 |
| | ) | |
| v. | ) | Judge Sharp/Bryant |
| | ) | |
| SUMNER COUNTY JAIL, KEVIN JOHNSON and ADRIEL RIKER | ) ) | |
| | ) | |
| Defendants. | ) | |

TO: The Honorable Kevin H. Sharp

R E P O R T   A N D   R E C O M M E N D A T I O N

I. Overview

This case was filed in the Middle District of Tennessee on November 15, 2011. (Docket Entry No. 1) It has been referred to the undersigned Magistrate Judge by Order of District Judge Sharp on January 6, 2012. (Docket Entry No. 7)

Currently pending before this court is a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) by Defendants Sumner County Jail, Kevin Johnson, and Adriel Riker. For the reasons given below, the undersigned recommends that Defendants' motion (Docket Entry No. 11) be GRANTED in part and DENIED in part.

1

## II. Statement of the Case

On November 18, 2011, Plaintiff Cordell D. Sykes filed this *pro se* action, *in forma pauperis*, and asserted civil rights claims pursuant to 42 U.S.C. §1983 against Defendants Sumner County Jail, Kevin Johnson, and Adriel Riker. (Docket Entry No. 1) Plaintiff alleges that following his arrest for domestic assault on November 27, 2010, he made bond but was prevented from leaving the jail by Defendant Riker, a sergeant employed by Sumner County and working in the Sumner County Jail. (Id.) Plaintiff contends that Defendant Riker along with Defendant Johnson, a Magistrate with Sumner County, prevented him from leaving jail on bond or making phone calls to an attorney or his family based on Defendants' claim that Plaintiff made a threatening phone call from jail to Alicia Cox, the victim of Plaintiff's alleged assault, an hour after he was arrested. (Id.) Plaintiff denies that he made such a phone call and asserts that Defendants lied about the threatening phone call. (Id.) Plaintiff seeks one million dollars in compensatory damages against Defendant Sumner County Jail for improperly holding him in jail until December 8, 2010. (Id.)

In response, on March 15, 2012, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 11) Specifically, Defendants contend first that Plaintiff has sued Defendants Riker and Johnson in their official capacities, thereby suing Sumner County, and second that Plaintiff has failed to allege a Sumner County policy or custom that violates Plaintiff's constitutional rights. (Id.) For those reasons and given that Sumner County Jail is not an entity capable of being sued, Defendants argue that dismissal is appropriate. (Id.)

### III. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim," the Supreme Court held that the plaintiff must allege enough facts to make the claim plausible. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because the court is not required to accept legal conclusions as factually true. *Id.* (citing *Twombly*, 550 U.S. at 555). While the Supreme Court has noted that determining whether a claim is plausible is necessarily context-specific, the Court also reasoned that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

The Supreme Court has held that *pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit, among others, has maintained that "basic pleading essentials" are still necessary. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

IV. Legal Discussion

A. <u>Dismissal of Defendants Riker and Johnson</u>

In Plaintiff's original complaint, he does not make it clear whether he is suing Defendants Riker and Johnson in their individual or official capacities. (Docket Entry No. 1) After Defendants raised this issue in their motion to dismiss, Plaintiff responded by asserting that he is suing Defendants Riker and Johnson in both their individual and official capacities. (Docket Entry No. 13) Generally, § 1983 complaints require that plaintiffs clearly specify whether they are suing government-employed defendants in their official or individual capacity. *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 367 (6th Cir. June 13, 2008). If a plaintiff does not specify the capacity of his suit against a defendant, official capacity is presumed. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991) (citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)). The Sixth Circuit, however, uses a "course of proceedings test" to determine whether a plaintiff intended to sue the defendant in an individual capacity and whether the defendant would have received notice of plaintiff's intent despite the plaintiff's failure to specify. *Shepherd v. Wellman*, 313 F.3d 963, 967-68 (6th Cir. 2002). Given that Plaintiff proceeds *pro se* in this case and that the form Plaintiff used to file his complaint did not contain fields to indicate whether Defendants Riker and Johnson are being sued in their individual or official capacities, the undersigned will examine Plaintiff's complaint in both contexts.

    i. <u>Dismissal of Defendants Riker and Johnson in their Official Capacity</u>

In *Vaughn v. Long*, No. 3:10-00622, 2011 U.S. Dist. LEXIS 101692, at *1 (M.D. Tenn. July 18, 2011), *aff'd*, 2011 U.S. Dist. LEXIS 98149 (M.D. Tenn. August 30, 2011), this Court dealt with an analogous situation where a *pro se* Plaintiff sued the local sheriff under 42 U.S.C. §

4

1983 without specifying in what capacity. This Court began with an examination of § 1983,[1] which requires that a plaintiff allege "the violation of a right secured by the Constitution . . . committed by a person acting under color of state law." *Id.* at *8-9 (citing *West v. Atkins* 487 U.S. 42, 48 (1988) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). Traditionally, acting under color of state law has been defined to require that the defendant in a § 1983 claim have committed a wrong that was only possible given the defendant's authority from the state. *Id.* at *9 (citing *West*, 487 U.S. at 49). Therefore, when a plaintiff fails to specify the capacity in which the defendant is sued, "Plaintiff is deemed to sue Defendant in his official capacity." *Id.* at *9 (citing *Wells*, 891 F.2d at 593-94); *Williams v. Tenn. Dep't of Corr.*, No. 3:05-0786, 2006 U.S. Dist. LEXIS 6786, at *3 (M.D. Tenn. February 2, 2006). When a defendant is sued in his official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Further, to sue a local government under § 1983, the plaintiff must allege that "it is [the] execution of [the] government's policy or custom . . . [that] inflicts the injury . . . ." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).

In *Vaughn*, this Court found that, absent any specification to the contrary, the plaintiff sued the sheriff in his official capacity, thereby suing the sheriff's office of the local county.

---

[1] 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress…

42 U.S.C. § 1983 (2006).

2011 U.S. Dist. LEXIS 101692, at *10. Moreover, although the plaintiff alleged a violation of his Eighth Amendment rights under § 1983, he failed to allege any facts that "show or imply the existence of a constitutionally deficient … policy, practice, or custom" in the local sheriff's office, leading this Court to grant the defendant's motion to dismiss. *Id.* at *11, 13.

Similarly, in the case at hand, because Plaintiff failed to specify whether he was suing Defendants Riker and Johnson in their individual or official capacities, he is presumed to be suing Defendants in their official capacity. *See id.* at *9. Given that Sumner County employs both Defendants Riker and Johnson, to bring a suit under § 1983, Plaintiff must allege that the "policy, practice, or custom" of Sumner County violates his constitutional rights. *See id.* at *11. However, as in *Vaughn*, Plaintiff's complaint alleging that Defendants Riker and Johnson created a lie and held Plaintiff against his will does not "show or imply the existence of a constitutionally deficient … policy, practice, or custom" of Sumner County that caused Plaintiff's injury. *Id.* at *11. Absent the allegation of a policy, practice, or custom of Sumner County that is violative of the constitutional rights of those affected, Plaintiff's claim against Defendants Riker and Johnson in their official capacity cannot be sustained. *Id.* at *11; *Harris*, 489 U.S. at 387-88.

      i.      <u>Dismissal of Defendants Riker and Johnson in their Individual Capacity</u>

In *Moore v. City of Harriman*, 272 F.3d 769, 771 (6th Cir. 2001), the plaintiff filed a similar § 1983 claim against defendants employed by the state without indicating whether he sued the defendants in their individual or official capacities. The Sixth Circuit in *Moore* adopted a "course of proceedings test" to determine whether the suit was brought against a defendant as an official state employee or as an individual in situations where the plaintiff does not explicitly state either. *Id.* at 773 (citing *Graham*, 473 U.S. at 167). The "course of proceedings test," used

to assess whether the § 1983 defendants have been clearly notified of the plaintiff's intent to sue them in an individual capacity, evaluates the nature of the complaint, the damages sought, the defenses raised by defendants, and any subsequent pleadings by the plaintiff that might have put the defendant on notice that he was being sued individually. *Id.* at 773-74; *Shepherd*, 313 F.3d at 967; *Williams*, 2006 U.S. Dist. LEXIS 6786, at *4-5.

In *Moore*, the court concluded that although the plaintiff's original complaint did not explicitly name the defendants in their individual capacity, the complaint nonetheless gave those defendants notice that they were being held personally liable. 272 F.3d at 775. In its reasoning, the Sixth Circuit observed several key traits indicating that the "course of proceedings" gave the defendants the required notice: (1) the caption of the plaintiff's complaint listed the officers' personal names without their official titles; (2) the officers were referred to as "individual defendants" throughout; (3) the text of the complaint alleged that the officers behaved improperly while "acting for themselves"; (4) the plaintiff sought compensatory and punitive damages; and (5) in response to the officers' motion to dismiss, the plaintiff specifically stated that the defendants were being sued in their individual capacities. *Id.* at 773-74. According to the Sixth Circuit, these factors, taken together as a whole, indicated that the plaintiff's complaint "likely provided sufficient notice to the officers that they were being sued as individuals." *Id.* at 773. In *Shepherd*, the Sixth Circuit reaffirmed the "course of proceedings" considerations laid out in *Moore* while also noting that the defendant's response to the plaintiff's complaint can indicate whether the defendant realized he was being sued in an individual capacity—especially in situations where the defendant raises qualified immunity, which is only applicable in suits

7

against individuals. 313 F.3d at 968; *see also Lindsay v. Bogle*, 92 Fed. Appx. 165, 169 (6th Cir. 2004) (citing *Biggs v. Meadows*, 66 F.3d 587, 594 (6th Cir. 2003)).

In a similar case where an inmate plaintiff brought suit against correctional officer defendants without specifying in which capacity, this Court previously held, in light of the "course of proceedings test," that the plaintiff's ambiguous complaint was sufficient to allow the plaintiff to amend his complaint to specify that he sued the defendants in their individual capacity. *Williams*, 2006 U.S. Dist. LEXIS 6786, at *5. Despite satisfying several elements of the "course of proceedings test"— the plaintiff responded to the defendants' motion to dismiss by explicitly stating that he intended to sue the defendants in their individual capacities, the defendants based their motion to dismiss on claims of sovereign immunity, and the plaintiff sued the defendants for money damages—this Court still found that the plaintiff's complaint in *Williams* was ambiguous and did not give the defendants notice that they were being held personally liable. *Id.* Reasoning that the case was still "in the early stages of litigation," this Court permitted the plaintiff to amend his complaint to "clearly set forth that he is suing the individual Defendants in their individual capacities for damages and put them on notice of that fact" while making no findings regarding the validity of the claims. *Id.*

Applying a "course of proceedings test" here, the undersigned finds that the present case is not as clear as *Moore* where the Sixth Circuit held that the course of proceedings gave defendants notice that they were being sued in an individual capacity, even though it was not explicitly stated in the plaintiff's complaint. *See* 272 F.3d at 774. As in *Moore*, the caption of Plaintiff's complaint lists the personal names of Defendants Riker and Johnson, not their official titles. 272 F.3d at 774; (Docket Entry No. 1 at p. 1). However, where the parties' names are

8

detailed within the complaint itself, Plaintiff lists Defendants as "Magistrate, Kevin Johnson" and "Sgt. Adriel Riker," both employed at Sumner County Jail. (Docket Entry No. 1 at p. 3) Further, unlike the complaint in *Moore*, which referred to the officer defendants as "individual defendants," Plaintiff's complaint consistently identified Defendants Riker and Johnson as "Magistrate Johnson" and "Sgt. Riker." 272 F.3d at 774; (Docket Entry No. 1 at p. 4); *see also Coleman v. Porch*, No. 3:09mc0022, 2009 U.S. Dist. LEXIS 25859, at *4-5 (M.D. Tenn. March 25, 2009) (reasoning that the use of defendants' official titles in the body of the complaint does not give defendants notice of being sued in their individual capacity). There is no text similar to that found in *Moore* explicitly alleging that Defendants Riker and Johnson acted in any capacity other than their official roles as sergeant and magistrate. 272 F.3d at 774; (Docket Entry No. 1 at pp. 4-5).

Under the "course of proceedings test," the undersigned finds the present case analogous to *Williams*. 2006 U.S. Dist. LEXIS 6786, at *5. In both cases, plaintiffs explicitly stated in their response to the defendants' motions to dismiss that they intended to sue the defendants in their individual capacities. *Williams*, 2006 U.S. Dist. LEXIS 6786, at *2-3; (Docket Entry No. 13 at p. 1). In their motions to dismiss, both sets of defendants raised claims of qualified immunity, which is only applicable in suits against individuals and not against government officials. *Williams*, 2006 U.S. Dist. LEXIS 6786, at *2; (Docket Entry No. 11 at p. 2). Finally, in both cases the plaintiffs sued for money damages, which indicates that the defendants are being sued in their individual capacities. *Williams*, 2006 U.S. Dist. LEXIS 6786, at *2 (citing *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)); (Docket Entry No. 1 at p. 5). Despite these indications from the "course of proceedings test" that the defendants were on

notice that they were being held personally liable, this Court found in *Williams* that the complaint was "ambiguous." 2006 U.S. Dist. LEXIS 6786, at *5. Further complicating matters, in the present case, Plaintiff seeks "One Million Dollars from Sumner County Jail." (Docket Entry No. 1 at p. 5) While seeking damages typically indicates that a plaintiff is suing defendants in their individual capacity, Plaintiff's complaint explicitly seeks damages from the jail and does not appear to seek damages from Defendants Riker and Johnson personally. (Id.)

Given the findings of the "course of proceedings test" and the clear precedent set by this Court and the Sixth Circuit, the undersigned finds that Plaintiff's complaint is ambiguous as to whether Defendants Riker and Johnson are being sued in their individual capacity. *See Moore*, 272 F.3d at 774; *see Shepherd*, 313 F.3d at 967; *see Williams*, 2006 U.S. Dist. LEXIS 6786, at *5. However, since this case is only in the early stages of litigation, the undersigned concludes, as was found in *Williams*, that Plaintiff's Response to Defendants' Motion to Dismiss is "sufficient to allow Plaintiff to amend his Complaint to clearly set forth that he is suing the individual Defendants in their individual capacities for damages and put them on notice of that fact." 2006 U.S. Dist. LEXIS 6786, at *5; *see also White v. Alexander*, No. 3:11-00353, 2011 U.S. Dist. LEXIS 122118, at *8-9 (M.D. Tenn. October 19, 2011) (permitting a *pro se* plaintiff leave to file an amended complaint clarifying whether he intended to sue defendants in their individual capacities).

    B.  <u>Dismissal of Magistrate Kevin Johnson</u>

In their motion to dismiss, Defendants raise the argument that this Court should dismiss any individual capacity claims against Defendant Magistrate Johnson on the grounds that he has immunity for all actions taken in his capacity as a judge. (Docket Entry No. 12); *see Johns v.*

10

*Bonnyman*, 109 Fed. Appx. 19, 21 (6th Cir 2004). While judicial immunity does apply to "all actions taken in the judge's judicial capacity," *Johns*, 109 Fed. Appx. at 21, the facts are not clear from Plaintiff's complaint as to whether Defendant Johnson was acting in his judicial capacity. (Docket Entry No. 1) Although Defendants' papers state that Defendant Johnson set Plaintiff's bond, Plaintiff does not specify who set or took his bond—only that at some time after his bond was set and posted, Defendant Johnson alleged Plaintiff made a threatening phone call on his cellphone at a time when Plaintiff had already tendered his cellphone to his jailors, and that he prevented Plaintiff from phoning an attorney or family member. (Id.) Further confusing matters, Plaintiff mentions writing to a "Judge Hunter" and requesting that his bond be reinstated. (Id.) Thus, the allegations of the complaint as currently constituted are insufficient to determine whether Defendant Johnson was acting in his judicial capacity.

Given this Court's obligation to construe *pro se* complaints liberally and to view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true, and in view of the unsettled status of Plaintiff's individual capacity claims, the undersigned cannot recommend dismissing Defendant Johnson on the basis of judicial immunity at this time. *See Iqbal*, 556 U.S. at 678-79; *see Erickson*, 551 U.S. at 94.

    C. <u>Dismissal of Sumner County Jail</u>

Plaintiff includes Sumner County Jail as a defendant in his original complaint, although there are no allegations of fault against it—indeed, Sumner County Jail is only mentioned in the complaint as the employer of Defendants Riker and Johnson and as the location Plaintiff was held. (Docket Entry No. 1) However, as this Court has previously reasoned in *Carver v. Trousdale County Jail*, No. 3:10-0748, 2010 U.S. Dist. LEXIS 113941, at *5 (M.D. Tenn. Oct.

11

26, 2010), a jail cannot be sued under § 1983 because it is only a building and not a person within the meaning of the statute. *See Marbry v. Corr. Medical Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *see also Pianga v. Williams County Jail*, No. 3:05-0498, 2006 U.S. Dist. LEXIS 13474 (M.D. Tenn. March 10, 2006) (Echols, J.); *see also Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989). Thus, Plaintiff's claim against the Sumner County Jail cannot be sustained.

V.     Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Docket Entry No. 7) be GRANTED in part and DENIED in part, as follows:

(1) Motion to dismiss Plaintiff's claim for violation of civil rights under 42 U.S.C. § 1983 is GRANTED as to Defendants Adriel Riker and Kevin Johnson in their official capacities, and as to the Sumner County Jail.

(2) Motion to dismiss Plaintiff's claim against Defendant Kevin Johnson for violation of civil rights under 42 U.S.C. § 1983 based on judicial immunity is DENIED.

(3) Plaintiff may file and serve an Amended Complaint within 30 days to clarify if he intends to sue Defendants Adriel Riker and Kevin Johnson in their individual capacities. Otherwise, this action should be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any part has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific

objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 6th day of August, 2012.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE