UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CORDELL D. SYKES ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 3:12-00017 |
| ) | Judge Sharp |
| SUMNER COUNTY JAIL, KEVIN ) | |
| JOHNSON and ADRIEL RIKER ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 16) recommending that Defendants' Motion to Dismiss (Docket No. 11) be granted in part and denied in part. Specifically, Magistrate Judge Bryant recommends that the motion be granted as to Plaintiff's Section 1983 claims against Defendants Adriel Riker and Kevin Johnson in their official capacities and Plaintiff's claims against the Sumner County Jail, but denied insofar as Kevin Johnson claims judicial immunity. The Magistrate Judge also provided that Plaintiff could file an amended complaint within thirty days to clarify whether he intended to sue Defendants Riker and Johnson in their individual capacities.

Despite being specifically advised in the R & R that any objections were to be filed within fourteen days of receipt, Plaintiff has filed no objections. He did, however, file a document titled "Plaintiff to Amended His Complaint," which the Clerk has docketed as a Motion to Amend (Docket No. 22).

Having reviewed the matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court agrees with Magistrate Judge Bryant's recommendations, and, accordingly

1

rules as follows:

    (1) The R & R (Docket No. 16) is hereby ACCEPTED and APPROVED; and

    (2) Defendants' Motion to Dismiss (Docket No. 11) is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to Plaintiff's Section 1983 claims against Defendants Adriel Riker and Kevin Johnson in their official capacities, and as to Plaintiff's claims against the Sumner County Jail, but DENIED insofar as Defendant Kevin Johnson seeks dismissal based upon judicial immunity.

This case is hereby RETURNED to Magistrate Judge Bryant for consideration of whether Plaintiff's filing captioned "Plaintiff to Amended His Complaint" (Docket No. 22) fulfilled his obligation of clarifying whether Defendants Riker and Johnson are being sued in their individual capacities and, if not, whether dismissal of this entire action is warranted at this time.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE