```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION
```

CORDELL SYKES,                  )
                                )
        Plaintiff,              )
                                )
             v.                 )    NO.  3:12-0017
                                )    Judge Sharp/Bryant
KEVIN JOHNSON, et al.,          )
                                )
        Defendants.             )

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

By order entered October 30, 2012, the District Judge accepted an earlier report and recommendation of the undersigned, granted defendants' motion to dismiss in part and denied it in part, and returned this case to the undersigned for consideration of whether plaintiff's amendment to his complaint (Docket Entry No. 22) has satisfied plaintiff's obligation to clarify whether he is asserting claims against defendants Riker and Johnson in their individual capacities (Docket Entry No. 29).

The undersigned has reviewed plaintiff's amended complaint and, although the explicit term "individual capacity" still does not appear in this amended pleading, the undersigned nevertheless finds that it does sufficiently clarify that plaintiff seeks to assert claims against defendants Johnson and Riker in their individual capacities. First, the amended complaint in its caption lists Johnson and Riker by name rather than by their official titles. Moreover, in contrast to the original complaint, plaintiff's amended complaint seeks money damages against Riker and Johnson. Finally, in plaintiff's response to defendants' motion to

dismiss (Docket Entry No. 13), plaintiff states that he intended to assert claims against Johnson and Riker in "both their official capacities and their individual capacities in this cause." Considering the factors listed by the Sixth Circuit to be considered in a "course of proceedings test," <u>Moore v. City of Harriman</u>, 272 F.3d 769, 773-74 (6th Cir. 2001), the undersigned finds that the foregoing statements by plaintiff sufficiently clarify that he is seeking to assert claims against defendants Johnson and Riker in their individual capacities.

**RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS that plaintiff's amended complaint (Docket Entry No. 22) be filed and be deemed to supersede and replace his original complaint, that the action be allowed to proceed against defendants Johnson and Riker in their individual capacities, and that defendants be GRANTED 14 days within which to file a response to the amended complaint.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

2

Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 3rd day of June 2013.

                                                                        s/ John S. Bryant
                                                                        JOHN S. BRYANT
                                                                        United States Magistrate Judge