IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CORDELL SYKES,                        )
                                      )
        Plaintiff,                    )        No. 3:12-CV-00017
                                      )
v.                                    )        Judge Sharp/Bryant
                                      )
SUMNER COUNTY JAIL, KEVIN             )
JOHNSON, and ADRIEL RIKER,            )
                                      )
        Defendants.                   )
                                      )


To: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION


### I. Introduction

This matter is on referral to the undersigned for case management and to dispose or

recommend disposition of any pretrial motions. (Docket Entry No. 7). Currently pending

before the Court is a Motion for Summary Judgment by Defendants Kevin Johnson and

Adriel Riker. (Docket Entry No. 68). For the reasons stated below, the undersigned

recommends that the Defendants' Motion for Summary Judgment be GRANTED.

### II. Statement of the Case

Plaintiff Mr. Sykes, proceeding here *pro se* and *in forma pauperis*, filed his initial

complaint in this Court on November 18, 2011, asserting civil rights claims pursuant to 42

U.S.C. § 1983 against Defendants Sumner County Jail, Kevin Johnson, and Adriel Riker.

(Docket Entry No. 1). On October 30, 2012, this Court dismissed the claim against Sumner

County Jail and the claims against Defendants Johnson and Riker in their respective

official capacities. (Docket Entry No. 29). On August 9, 2013, the Court allowed the filing of

Plaintiff's Amended Complaint (Docket Entry No. 22), deeming it to supersede and replace his original complaint. (Docket Entry Nos. 36, 37).

Plaintiff's Amended Complaint alleges that following his arrest for domestic assault on November 27, 2010, he made the bond Defendant Johnson had set, but was nonetheless held in jail. (Docket Entry No. 22 at 1-2). Plaintiff asserts that Defendants Johnson and Riker illegally held him at the jail based on an allegation from Plaintiff's domestic assault victim that Plaintiff had made a threatening phone call to her an hour after his arrest. (Id. at 2). Plaintiff denies that he made such a call and asserts that Defendants lied about the call and continued to hold him against his will. (Id.)

Additionally, the Complaint asserts that Defendants "refused to let" Plaintiff call his attorney or parole officer to "let them know what was going on[.]" (Id.) Specifically, Plaintiff asserts that Defendants "failed to follow [d]ue [p]rocess [p]rocedures when releasing [him] on bond" by deferring his bond and holding him based on his victim's accusation. (Id. at 2-3). Plaintiff seeks one million dollars from Defendants in their individual capacities for holding him at the jail between November 27, 2010, and December 8, 2010. (Id.)

Following discovery, Defendants filed a Motion for Summary Judgment on the grounds that (1) Defendant Johnson is entitled to judicial immunity, (2) Defendant Riker did not violate, or alternatively, did not have the authority to violate, Plaintiff's constitutional rights, and (3) Plaintiff's additional allegations that Defendants refused to let him speak to his lawyer and forced him to take a plea deal were not supported in Plaintiff's discovery responses and are not viable. (Docket Entry No. 68 at 2). Defendants also filed a Memorandum in Support of this motion (Docket Entry No. 69) and a Statement of Undisputed Facts (Docket Entry No. 70). Plaintiff did not respond.

III. Analysis

A. Standard of Review

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (<u>quoting United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962)).

While the movant bears the initial burden of proving the absence of any genuine issue of material fact, the nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" <u>Moore v. Holbrook</u>, 2 F.3d 697, 699 (6th Cir. 1993) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). If a factual dispute is "irrelevant or unnecessary" to the merits of the suit, it should not be counted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Because the plaintiff is proceeding *pro se*, his complaint must be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). However, "basic pleading essentials" must still be met. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989).

Local Rules 56.01(a) and (c) require any party opposing a motion for summary judgment to respond to the moving party's motion within 21 days, addressing each fact within the accompanying statement of undisputed facts. Rule 56.01(g) explains that failure to respond within those 21 days indicates that the moving party's asserted facts are "not disputed for purposes of summary judgment."

3

Nonetheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." Carver v. Bunch, 946 F.2d 451, 455 (6th Cir.1991). The court must examine the motion for summary judgment to confirm that the movant has discharged his initial burden of demonstrating the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Id.

B. Motion for Summary Judgment

Based on the absence of disputed material facts in the record and Defendants' Statement of Undisputed Facts presented to the Court, Defendants are entitled to judgment as a matter of law. Though some of the facts concerning the course of events following Plaintiff's arrest remain muddled or even seemingly disputed, most notably regarding the alleged threatening phone call,[1] the *material* facts, those facts necessary to resolving the substantive claim at hand, are undisputed. Specifically, the undersigned agrees with Defendants' argument that whether the Plaintiff actually executed the threatening phone call is not material to this summary judgment determination (Docket Entry No. 69 at 8-9), and therefore any remaining dispute regarding that fact does not derail their motion. The analysis of the claims against each defendant in his individual capacity follows.[2]

---

[1] Confusingly, Defendants have offered apparently conflicting accounts regarding whether and when Plaintiff made the alleged phone call to the victim. In Defendant Riker's Declaration he explains that Plaintiff's cell phone "was checked" and "showed that Plaintiff called the alleged victim after he was arrested" (Docket Entry No. 68-1 at ¶ 7), while the Memorandum in Support of Summary Judgment refers repeatedly to the possibility that Plaintiff never made the call (Docket Entry No. 68 at 8).

[2] Though briefed by Defendants (Docket Entry No. 69 at 9-11), Plaintiff's additional allegations regarding access to his attorney and pressure from Defendants to accept a plea deal are not analyzed herein; the undisputed facts indicate Plaintiff was not denied his right to counsel, and in addition to Plaintiff's own characterization of his plea deal allegation as "moot" (Docket Entry No 68-3 at 9), that allegation may not be actionable under § 1983. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

<u>Plaintiff's claim against Defendant Johnson</u>

Defendants argue that Magistrate Johnson is entitled to summary judgment on the grounds of judicial immunity. (<u>Id.</u> at 6). Judges enjoy absolute immunity from § 1983 claims that arise from their actions taken in the performance of judicial functions. <u>Huffer v. Bogen</u>, 503 Fed. Appx. 455, 458 (6th Cir. Nov. 1, 2012) (citing <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967)). Immunity applies even when those judicial acts are carried out maliciously, corruptly, or in error. <u>Id.</u> at 459 (citing <u>Brookings v. Clunk</u>, 389 F.3d 614, 617 (6th Cir. 2004)). Judicial immunity is subject to only two exceptions: (1) actions that are not judicial in nature and (2) actions performed without jurisdiction. <u>Id</u>.

The facts are undisputed that Defendant Johnson set Plaintiff's bond, but then, after hearing of the alleged threatening phone call, Johnson deferred that bond until Plaintiff could see Sumner County Judge James Hunter. (Docket Entry No. 68-2 at 30-34; Docket Entry No. 68-1 at 1-2). Tennessee law grants magistrates the authority over the release of defendants, including admission to bail. Tenn. Code Ann. § 40-11-104(a). Specifically, an individual may be held in jail until bail is set. <u>Fields v. Henry County, Tenn.</u>, 701 F.3d 180, 187 (6th Cir. 2012) (citing Tenn. Code Ann. § 40-11-105).

Defendant Johnson's actions of setting and then deferring Plaintiff's bond were within that statutory authority, particularly in light of the wide discretion over release that Tennessee law grants to magistrates specifically in cases of domestic violence where the alleged victim's safety is of concern. Tenn. Code Ann. §40-11-150. Accordingly, neither exception applies to the case at hand, and Defendant Johnson is protected by judicial immunity. Furthermore, though he carries the title of "magistrate," rather than "judge," Defendant Johnson is nonetheless protected, as judicial immunity extends through the doctrine of quasi-judicial immunity to those performing tasks "intrinsically associated with

the judicial process." <u>Johns v. Bonnyman</u>, 109 Fed. Appx. 19, 21 (6th Cir. Aug. 6, 2004). As setting bond is one of those tasks, quasi-judicial immunity applies. Therefore, summary judgment is appropriate in favor of Defendant Johnson.

<u>Plaintiff's claim against Defendant Riker</u>

Plaintiff alleges that Defendant Riker violated his rights by continuing to hold him based on the victim's statements about the threatening phone call without investigating the proof of those statements. (Docket Entry No. 68-2 at 16). These facts presented by the Plaintiff in his Complaint (Docket Entry No. 22) and his Deposition (Docket Entry No. 68-2), fail to present actions that rise to the level of a constitutional violation. As Defendants note (Docket Entry No. 69 at 6), in order for an official to be liable in his individual capacity under § 1983, the plaintiff must prove not only that the official's actions were unconstitutional, but also that the official should have known at the time that he was violating the plaintiff's rights. <u>Turner v. City of Taylor</u>, 412 F.3d 629, 640 (6th Cir. 2005) (quoting <u>Stemler v. City of Florence</u>, 126 F.3d 856, 866 (6th Cir. 1997)). The Plaintiff has offered no facts in support of a theory that Defendant Riker's actions met this requirement.

In their Memorandum in Support of Summary Judgment (Docket Entry No. 69), Defendants compare this case to <u>Huffer v. Bogen</u>, in which the 6th Circuit affirmed the dismissal of a similar claim in which the prisoner-plaintiff alleged that police officers violated his civil rights by arresting him for domestic abuse based on allegations he claimed were untrue. <u>Huffer</u>, 503 Fed.Appx. at 460. The court explained that the truth of the allegations was irrelevant, as a victim's accusation alone is sufficient to create probable cause justifying the detention. <u>Id.</u> (quoting <u>Gardenshire v. Schubert</u>, 205 F.3d 303, 322 (6th Cir. 2000)).

As Defendant notes, probable cause to believe another threat had been made against the victim was enough to affect the determination of bail at that point in Plaintiff's case.

(Docket Entry No. 69 at 8.). Accordingly, Plaintiff has no grounds for his claim that Defendant Riker acted unconstitutionally in response to the allegation of the threatening call, and as Defendants note (Docket Entry No. 69 at 8-9), whether Plaintiff actually made the alleged threatening call is not material to the determination of summary judgment.

## IV. Recommendation

For the foregoing reasons, the undersigned Magistrate Judge finds that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, the undersigned recommends that the Motion for Summary Judgment be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 153 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 12th day of June, 2014.


s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE